EDMOND C. RECTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rector v. Commissioner
Docket No. 3634-84.
United States Tax Court
T.C. Memo 1985-617; 1985 Tax Ct. Memo LEXIS 13; 51 T.C.M. (CCH) 141; T.C.M. (RIA) 85617; December 18, 1985. *13 Edmond C. Rector, pro se. Dean H. Wakayama, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $8,279.81 in petitioner's 1980 Federal income taxes and an addition to tax of $414 under section 6653(a)(1). [1] The issues for decision are (1) whether petitioner or a certain corporation must report interest income resulting from a sale of property and (2) whether the failure to report interest income is due to negligence or intentional disregard of rules or regulations. FINDINGS OF FACT Some of the facts have been stipulated. The stipulated facts and attached exhibits are incorporated herein by this reference. Petitioner was a resident of Kenai, Alaska, at the time his petition was filed. He filed a 1980 Federal income tax return with the Internal Revenue Service Center in Ogden, Utah. Petitioner was a shareholder and president of Rectors, Inc., a corporation engaged in the real estate rental business. On August 15, 1977, petitioner, *14 his brother Frederick C. Rector, also a shareholder of Rectors, Inc., and Frederick C. Rector's wife, Dolores Faye Rector, (the Rectors) executed an agreement on behalf of Rectors, Inc. to purchase a parcel of real estate (the property) from George M. and Belva J. Nelson (the Nelsons). To finance the purchase, Rectors, Inc. acquired a loan secured by other property owned by Rectors, Inc. and known as the Marysville Apartment property. The sales agreement restricted assignment or transfer of the property; however, the same parties executed a subsequent agreement allowing the Rectors to sell the property provided certain conditions were met. Shortly thereafter, petitioner executed an agreement on behalf of the Rectors to sell the property to Zack Construction for $250,000, including a down payment of $50,000. Petitioner also executed an Escrow Letter of Instruction on behalf of the Rectors regarding payment of the remaining principal balance. For 1980, the Escrow Letter of Instruction required no payments reducing the unpaid principal balance; however, interest only installment payments of $1,500 were to be deposited monthly with an escrow agent, Pacific National Bank of Washington. *15 The net proceeds would then be transferred to a Seattle First National Bank checking account belonging to Rectors, Inc. Below the sellers' signatures, petitioner's social security number was handwritten on a line designated for "SOCIAL SECURITY OR TAX IDENTIFICATION NUMBER OF SELLER." During 1980, Pacific National Bank recorded on a collection ledger card the receipt of each month's $1,500 interest payment, a total of $18,000. Rectors, Inc. referred to the 1979 sale of the property on a Schedule of Installment Sales in its corporate tax return for the taxable year ended December 31, 1980. That schedule reflected a $20,000 gain realized in 1979 on the down payment and reported no gain realized in 1980. The return reported shareholdings of the corporation as follows: Time Devoted
Percent of Corporate
Shareholders
to Business
Stock Owned, Common
Frederick C. Rector
45%
Edmond C. Rector
(petitioner)
5%
38%
Grorge E. Rector
10%
Ralph G. Rector
7%
100%
The return reported total interest income of $29,250 in 1980, and the balance sheet portion of the return reported receivables of $321,824 as the only corporate assets as of December 31, 1980. *16 Respondent examined petitioner's 1980 tax return and determined increases to petitioner's income of $18,000 for interest payments deposited with Pacific National Bank of Washington as a result of the sale of the property and $18 for additional interest received from Wells Fargo. Also, respondent determined an addition to tax of $414 under section 6653(a)(1) on the ground that petitioner's underpayment of tax was due to negligence or intentional disregard of rules or regulations. OPINION Petitioner contends that Rectors, Inc., not he, owned and subsequently sold the property, that the Rectors were only acting as agents for Rectors, Inc.; and that therefore the interest income associated with the sale is not his for tax purposes. Alternatively, petitioner argues that if respondent is correct in determining that petitioner was owner of the property, only one-third of the interest income is attributable to him. Respondent's position is that petitioner owned the property and attempted to assign the income from the sale of the property to Rectors, Inc. Petitioner bears the burden of proving that respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933); *17 Rule 142(a), Tax Court Rules of Practice and Procedure.
The escrow agreements and other documents in evidence relating to the purchase and sale of the property indicate that title was vested in the Rectors, not Rectors, Inc. Title standing alone, however, is not conclusive of ownership. Rupe Investment Corp. v. Commissioner,266 F.2d 624, 629-630 (5th Cir. 1959), affg. 30 T.C. 240 (1958). Title and beneficial ownership are often split, and taxation is more concerned with actual command over the property than with formalities of title. Griffiths v. Helvering,308 U.S. 355, 357 (1939); Mayer v. Donnelly,247 F.2d 322 (5th Cir. 1957). Based upon careful consideration of petitioner's testimony and the scant record, we conclude that Rectors, Inc. was the beneficial owner of the property and that the Rectors were merely acting as agents for Rectors, Inc. Petitioner testified that Rectors, Inc. financed the purchase of the property by acquiring a loan against the Marysville property, which was owned by Rectors, Inc.; that the property was sold as Rectors, Inc. was being liquidated; that Rectors, Inc. received and reported *18 in its 1980 tax return the interest payments in 1980 resulting from the sale of the property; and that petitioner did not realize that he should have put the corporation's tax identification number in the escrow letter instead of his social security number. Petitioner's testimony is neither incredible nor impeached. Further, petitioner's testimony is consistent with the 1980 tax return for Rectors, Inc.In that return, Rectors, Inc. reported interest income in 1980 of $29,250. Although the source of that interest is not specified, no other assets that would earn as much interest are shown on the balance sheet portion of the return. Total receivables shown on the balance sheet as of December 31, 1980, were $321,824, of which $200,000 would appear to be the balance due on the sale of the property to Zack Construction. Respondent argues that one of the Rectors, Dolores Faye Rector, was not a shareholder of Rectors, Inc. and that she could not represent Rectors, Inc. without proof or authority of an agency relationship. An express agreement is not necessary for an agency relationship; it may be implied circumstantially. See Rupe Investment Corp. v. Commissioner,supra. *19 The facts and circumstances of this case, as heretofore discussed, satisfy us that all three of the Rectors were acting as agents for Rectors, Inc. The presence of petitioner's social security number below the sellers' signature in the Escrow Letter of Instruction is unfortunate, as is the form of title, but it is not controlling. Petitioner executed the Escrow Letter of Instruction as the only agent present, and according to his testimony, was unaware of the significance of the use of his social security number. Because we hold for petitioner on this issue, we do not address petitioner's alternative argument. Because petitioner has presented no evidence or arguments to refute respondent's $18 increase in interest income from Wells Fargo or to explain the omission of that item from his returns, that determination and the addition to tax with respect thereto are sustained. We caution petitioner that we regard this as a close case on the primary issue, and he should take care in the future that record title to property with which he is involved reflects beneficial ownership. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩